UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| NELSON GARCIA MARTINEZ | ) Criminal No. 18-cr-40049-TSH |
| | ) |
| Defendant | ) |
| | ) |

## FINDING AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

February 3, 2020

### Introduction

The Defendant Nelson Garcia Martinez has moved to suppress from the introduction into evidence against him at trial any evidence seized during a warrantless search of his truck on November 13, 2018 at a truck stop in Sturbridge, Massachusetts. For the reasons set forth below that motion is denied.

### Facts

On October 22, 2018 Jose Rodriquez and Angel Morel-O'Neil, aka "Cunao" were arrested in Methuen, Massachusetts. Several kilos of fentanyl and cellular phones were seized from a car they were arrested in. Thereafter, the police obtained a search warrant for Cunao's residence where an addition 30 kilograms of fentanyl were seized. Cunao told the police that he had received the fentanyl on October 20, from a tractor trailer truck driver who had contacted him via telephone, from a California number. A previously obtained pen register report for Cunao's phone revealed 38 calls between October 17, 2018 and October 20, 2018 (the date of the fentanyl

delivery) from a phone with a number ending in 4955. That phone was registered to Oscar Martinez in Stockton, California. A second California number on Cunao's phone ended in 4728, was registered to Jose Garcia, also of Stockton, California.

Based upon that information the police obtained a warrant for GPS location information for the 4955 phone. After the October 20, 2018 drug delivery the 4955 phone was located in Connecticut, then Pennsylvania, turned off on October 24, and was turned back on in Stockton, California on November 7, when it began travelling east. The phone stopped in Jonesville, North Carolina on November 10, 2018. On November 11, the local sheriff's department observed a tractor trailer with California plates in a parking lot next to the Best Western Motel in Jonesville, NC. The police learned that Nelson Garcia had checked into the motel around noon, that he held a commercial driver's license, and that the truck in the lot was registered to him. On November 12, the telephone travelled to, and stayed overnight in New Jersey, and on November 13, at around noon the phone was located at the Pilot Travel Center Truck Stop in Sturbridge, MA.

The same truck identified by the sheriff in Jonesville, NC was observed be in line at the gas pumps at the Pilot Travel Center. After getting gas, the truck drove to the far end of the parking lot and backed into the last parking spot, and the Defendant Nelson Garcia exited the truck and walked to the Pilot Travel Center store. At approximately 8:51 p.m. the police obtained a GPS tracking warrant for the truck and were approaching the truck in order to place the GPS. As they approached the truck, a silver-grey Kia pulled into the lot and parked next to the truck. Mr. Garcia exited the passenger seat of the Kia, entered the truck cab, rummaged around, and exited. Two other men exited the Kia and the men conferred standing between the vehicles. The doors of the truck and Kia were left open creating a barrier which prevented the officers from seeing

what was happening. In addition, the men noticed the police surveillance and the officer believed they were deliberately positioning the doors to prevent the officers from watching them.

After a short period of time, two men got back into the Kia and drove off and Mr. Garcia returned to the cab of his truck. Several members of the surveillance team were assigned to follow and stop the Kia in order to question the occupants about what had transpired at the truck stop. When the officers activated their lights in an attempt to stop the vehicle it sped off and a high-speed police chase ensued. During the chase the Kia pulled to the side of the road and a man jumped out and ran off carrying a bag. The officers pursued that man, who dropped the bag and escaped. The bag which was recovered was a Black Magic garment bag with silver gorilla tape. The bag had broken open when it was discarded. Inside the bag were kilos of fentanyl.

While the chase was ongoing, the remaining officers approached Mr. Garcia and ordered him out of the truck. When they asked him whether anyone was in the truck, he responded that there was not and invited the officers to look for themselves. While the officers were conducting the invited sweep of the cab, Special Agent Hardy called the 4955 phone and officers heard a phone ringing from within the cab. Mr. Garcia was arrested and provided with his rights in English.

When asked about the meeting in the parking lot Mr. Garcia claimed that he was meeting with the men in the Kia to arrange for a prostitute. The police became aware of the chase of the Kia and the drugs that had been discovered after they conducted the sweep of the truck cab. Based upon this additional information, the Defendant was again advised of his Miranda Rights. These rights were given in Spanish at his request by Spanish speaking Massachusetts State Police Trooper. Thereafter the Defendant gave written consent to search his truck and that search resulted in the seizure of 5 cellular telephones, including the 4955 telephone. Agents also

recovered a "Magic Bag" vacuum-sealed garment bag taped with silver and black tape and multiple "Magic Bag" sealable garment bags and a roll of black tape from the cab of the truck.

## Discussion

The Defendant's motion was not accompanied by any affidavits challenging any of the factual predicates for the Government's search, or the Defendant's statements. The Defendant's memoranda essentially revolves around the argument that the police lacked probable cause to arrest or search the Defendant, and that the Defendant did not voluntarily consent to the officers search of his truck.

"A hearing is required only if the Defendant makes a sufficient threshold showing that material facts are in doubt or dispute and that such facts cannot reliably be resolved on a paper record." *United States v. Straula* 80 F 3rd 596, 603 (1st Cir. 1996). At a minimum the Defendant must allege facts that are "sufficiently definite, specific, detailed, and non-conjectural, to enable the Court to conclude that a substantial claim is presented" *United States v. Lewis* 40 F 3rd 1325, 1331 (1st Cir. 1994). I agree with the Government that the Defendant did not met his burden for an evidentiary hearing but in an abundance of caution conducted a hearing.

### *Consent*:

The Government posits that the Defendant consented twice to the search of his vehicle; oral consent in English when initially confronted by the police and asked if anyone was in the truck, and the later, more formal consent in Spanish. The Defendant was advised of his Miranda Rights in writing and orally in Spanish, and signed a form clearly stating that he was consenting to the search. *United States v. Twomey* 884, F 2nd 46, 51 (1st Cir. 1989). Further, as noted above, he has not challenged the factual basis for his signing the consent to search form.

*Automobile exception:*

There was more than sufficient probable cause for the officers to believe that evidence of narcotics trafficking would be found in the vehicle. The agents knowledge of the prior involvement of the 4955 phone, the conduct of the truck driver and occupants of the Kia in the Pilot truck stop and the subsequent high speed car chase and drug discovery, were more than sufficient to provide the officers with probable cause to search the motor vehicle pursuant to the automobile exception.

## Conclusion

For the reasons set forth above the Defendant's Motion to Suppress is denied.

/s/ *Timothy S. Hillman*
Timothy S. Hillman
United States District Court Judge